UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIK JOHNSON,

    Plaintiff,

v.

Case No. 2:15-cv-109
HON. PAUL L. MALONEY

MICHAEL E. KUSHNIR, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Erik Johnson filed this complaint against Defendants attorney Michael E. Kushnir and his law firm, Hinckley, Allen & Snyder LLP. Defendant Kushnir practices law at his firm in Boston, Massachusetts. Plaintiff is a resident of Michigan and filed this lawsuit in the Circuit Court for the County of Menominee, Michigan. Defendants removed the complaint to this court and filed a motion to dismiss for lack of personal jurisdiction. (ECF No. 5). Plaintiff has not filed a response.

Plaintiff filed a UCC-1 Financing Statement with the Secretary of the Commonwealth of Massachusetts, naming a Massachusetts debt collection agency, Valentine & Kerbatas, Inc., as a debtor. Valentine & Kerbatas, Inc. is represented by Defendant Michael E. Kushnir and his law firm, Defendant Hinckley, Allen & Snyder L.L.P. On behalf of his client, Defendant Kushnir instructed his associate to send a letter to Plaintiff to his home in Michigan, demanding that Plaintiff submit a termination statement and authorization to file that statement, because Valentine & Kerbatas, Inc. has never entered into a contract with Plaintiff and does not owe Plaintiff any money. Defendants took no further action. Plaintiff called the Defendant law firm and spoke with Defendant

Kushnir. Plaintiff refused to sign the termination statement because he believes that Valentine & Kerbatas, Inc. does owe him money. Plaintiff alleges that Defendant Kushnir filed an unauthorized UCC-3 Amendment in Massachusetts, terminating Plaintiff's UCC-1 statement.

Plaintiff filed this lawsuit against Valentine & Kerbatas, Inc.'s attorney and the attorney's law firm, asserting claims of "Negligence, Malice, Maladminstration, Breach of Contract, Breach of Trust, Violation of trust, Conspiracy, Concealment, Collusion, Fraud, Incompetency, Inefficiency, Dishonesty, Insubordination, Neglect of duty, Willful disobedience, Failure to uphold oath, Abuse of Power, Violation of U.C.C., Violation of Michigan Compiled Laws and Federal laws."

Defendants argue that this case should be dismissed for lack of personal jurisdiction because Defendants do not reside in the State of Michigan and do not conduct business in the State of Michigan. Defendant Kushnir resides in Massachusetts and is a partner in the Boston office of the Defendant law firm of Hinckley, Allen & Snyder LLP. Defendant Hinckley, Allen & Snyder LLP is a partnership licensed under the laws of Rhode Island and has offices in Concord, New Hampshire; Hartford, Connecticut; New York, New York; and Albany, New York. The law firm has not targeted Michigan residents as potential clients or advertised directly in Michigan. The law firm has provided only limited legal services to Michigan residents.

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(2). Where a court does not hold an evidentiary hearing and relies solely on the motion and affidavits, the court must consider the affidavits in the light most favorable to the plaintiff. *Bird v. Parsons*, 289 F. 3d 865, 871(6th Cir. 2002); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). However, the court may consider undisputed factual assertions in the affidavit that do not contradict the factual assertions

presented by the plaintiff. *Neogen Corp. v. Neo Gen Screening*, Inc., 282 F. 3d 883, 887 (6th Cir. 2002).

It is the burden of the party seeking to assert personal jurisdiction to show that it exists. *Indah v. United States Securities and Exchange Commission*, 661 F.3d 914 (6th Cir. 2011).

> To comply with due process, a court's exercise of its power over an out-of-state defendant must not offend traditional notions of fair play and substantial justice. " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). This requires that the defendant be shown to have minimum contacts with the forum state, id., ensuring that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there, *WorldWide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The exercise of jurisdiction must also be permitted by the state's long-arm statute. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir.2000). Finally, personal jurisdiction can exist in two forms: specific jurisdiction and general jurisdiction. "In contrast to general, all purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, U.S. , 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011) (internal quotation marks omitted).

*Id.* at 920. A federal court has jurisdiction over a defendant if that defendant is amenable to service of process under the long arm statute of the state in which the federal court sits and if the exercise of jurisdiction does not offend due process. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentog*, 954 F.2d 1174, 1176 (6th Cir. 1992). Michigan's long arm statute extends to the limits imposed by Constitutional due process standards. *Id.*

A court has general jurisdiction when a party maintains "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984). Plaintiff has failed to assert facts that show that Defendants maintain "continuous and systematic" contacts with the state of Michigan that could allow the court to exercise jurisdiction

over Defendants. Generally, it is difficult to find the existence of jurisdiction over a law firm that only has isolated contacts with the forum state. *Children's Legal Services, PLLC v. Shor Levin and Derita, PC.,* 850 F. Supp. 2d 673 (E.D. Mich. 2012) (advertising by web site into the state was not enough to create continuous and systematic contacts in the forum state).

> The plaintiff contends that defendant is subject to general jurisdiction because it systematically and continuously conducted business here. However, the defendant never was actually located in the state. In *Storie v. Beech Aircraft Corporation*, 417 F. Supp. 141 (E.D. Mich. 1976), the court held that before general jurisdiction could be exercised over a foreign corporation, the corporation must actually be regularly present in the State, either through someone who works for the corporation or an independent agent of the corporation. 417 F. Supp. at 145; See also *Kircos v. Lola Cars Ltd*, 97 Mich. App. 379, 386, 296 N.W.2d 32, 35 (1980) (interpreting section 600.711(3) to require that "[a] foreign corporation . . . actually be present within the forum state on a regular basis, either personally or through an independent agent" (citing *Storie*, 417 F. Supp. at 145)). Maintaining business contacts in Michigan through telephone communication, but not actually entering the state on a regular basis is not enough to establish continuous and systematic business in Michigan. *Storie*, 417 F. Supp. At 145. Nor will a single trip to Michigan approximately 12 years before the present suit suffice.

*Id.* at 680. Similarly, a law firm which lacked physical presence in the forum state, had only minimal unrelated contacts in representing a few Michigan residents, and had only one of the firm's attorneys admitted to a Michigan federal court on a limited basis, did not have sufficient contact to impose general jurisdiction over the law firm. *King v. Ridenour*, 749 F. Supp. 2d 648 (E.D. Mich. 2010).

In the opinion of the undersigned, Plaintiff has failed to show that Defendants' contact with the State of Michigan was sufficient to invoke this court's general jurisdiction. Defendant Hinckley, Allen & Snyder LLP does not have offices or employees in Michigan and maintains no presence in Michigan. Defendant Kushnir does not practice law in Michigan and is

not licensed to practice law in Michigan. Plaintiff has not shown that Defendants have the necessary "continuous and systematic" contacts with the State of Michigan that would allow the court to exert general jurisdiction over the Defendants in this case. In the opinion of the undersigned, Defendants' limited contacts with the State of Michigan are insufficient for the court to find general jurisdiction.

In order for the court to impose specific jurisdiction, Plaintiff must submit facts that could show:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Indus. Inc.*, 401 F. 2d 374 (6th Cir. 1968). The Supreme Court has stated that for a party to be subject to in personam jurisdiction that party must "purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. 462, 475 (1958). The requirement that a party purposefully avail itself of the privilege of conducting activities within the forum state "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 292 (1980).

In the opinion of the undersigned, Defendants did not purposefully avail themselves of the privileges and protections of the State of Michigan through their conduct. As alleged by Plaintiff, an associate in the Defendant law firm of Hinckley, Allen & Snyder LLP, sent Plaintiff a letter, demanding that Plaintiff terminate a UCC filing statement that Plaintiff filed against the law firm's client. Defendant Kushnir was copied on the letter. Plaintiff telephoned Defendant Kushnir

in his Massachusetts office. The letter was written to Plaintiff in response to Plaintiff's own actions in the State of Massachusetts, after Plaintiff filed a financing statement with the Secretary of the Commonwealth of Massachusetts, against a Massachusetts company that retained the Defendant law firm. In the opinion of the undersigned, Defendants' letter to Plaintiff cannot establish specific jurisdiction. As the Sixth Circuit explained:

> It is immaterial that Paragon placed telephone calls and sent faxes to Kerry Steel in Michigan. To borrow language employed by this court in LAW, 885 F.2d at 1301, "[the telephone calls and letters on which the plaintiff's claim of jurisdiction primarily depends strike us as precisely the sort of 'random,' 'fortuitous' and 'attenuated' contacts that the *Burger King* Court rejected as a basis for haling non-resident defendants into foreign jurisdictions." *Id.* at 1300. See also *Sculling Steel Co.* v. *National Ry. Utilization Corp.*, 676 F.2d 309, 314 (8th Cir. 1982) ("The use of interstate facilities (telephone, the mail), the mailing of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by due process").

*Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 151 (6th Cir. 1997). At best, Plaintiff has alleged that Defendants sent him a letter through the mail to his residence in the State of Michigan. This is the only contact with the forum state that Defendants could have made to invoke jurisdiction. In the opinion of the undersigned, it is clear that Plaintiff cannot establish that Defendants purposefully availed themselves of the privileges of conducting activities within the State of Michigan.

Accordingly, it is recommended that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 5) be GRANTED and that this lawsuit be dismissed for lack of jurisdiction.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. An*, 474 U.S. 140 (1985).


Dated: December 4, 2015

       /s/ TIMOTHY P. GREELEY
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE