UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIK JOHNSON,<br>　　　　Plaintiff,<br><br>-v-<br><br>MICHAEL E. KUSHNIR, et al.,<br>　　　　Defendants. | No. 2:15-cv-109<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Erik Johnson filed this lawsuit in the 41st Circuit Court for the State of Michigan, Menominee County. Defendants removed the lawsuit to federal court and filed a motion to dismiss for lack of jurisdiction. (ECF No. 5.) Plaintiff Johnson did not file any response. More than three months after the motion to dismiss was filed, the magistrate judge issued a report recommending the motion be granted and the lawsuit be dismissed. (ECF No. 7.) Plaintiff Johnson filed an objection. (ECF No. 8.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Magistrate Judge Greeley accurately summarized the facts giving rise to this lawsuit. None of Plaintiff's objections address the findings of facts outlined in the report and recommendation. Judge Greeley has also accurately summarized the law governing Defendants' motion to dismiss for

lack of jurisdiction. None of Plaintiff's objections address the legal framework provided in the report and recommendation. Finally, none of Plaintiff's objections address the proposed conclusions of law in the report and recommendation. Judge Greeley concludes that, based on the facts in the record, Defendants have not established sufficient contacts with the State of Michigan for them to be subjected to a lawsuit here in Michigan. Because Plaintiff has not specifically objected to the findings of fact and conclusions of law, this Court must adopt the Report and Recommendation.

Plaintiff argues Judge Greeley's report and recommendation is the result of bias, explaining that Plaintiff has sued other state and federal judges, and concluding that Judge Greeley is simply protecting his fellow jurists. Plaintiff insists he has demanded a trial by jury.

Plaintiff's objection based on bias is not persuasive. Bias of a judge and the need for recusal is determined by an objective standard, not the subjective view of a party. *Smith v. Caterpillar, Inc.*, 304 F.App'x 391, 396 (6th Cir. 2008). By Plaintiff's reasoning, so long as an individual sues a judge prior to filing another lawsuit, no jurist could ever recommend the second case be dismissed and all such cases must be resolved by a jury. Certainly that is not the law, nor has Plaintiff offered any authority to support his claim. Judicial bias or prejudice sufficient to justify recusal must be based on the personal beliefs of the judge and not based on the judge's view of the law. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). Plaintiff has not identified any errors in the facts outlined by Judge Greeley. Plaintiff has not identified any errors in the law, as summarized by Judge Greeley. By failing to object to any of the findings of fact and conclusions of law, this Court *must* accept those findings and conclusions.

For these reasons, the Report and Recommendation (ECF No. 7) is **ADOPTED** as the opinion of this Court, and Defendants' motion to dismiss (ECF No. 5) is **GRANTED. IT IS SO ORDERED.**


Date:  December 14, 2015                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge